IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>AARON GITTLEMAN,<br><br>Defendant. | Criminal No. 2:25-cr-137 |

**POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING FACTORS**

The United States of America, by and through undersigned counsel, offers this position paper regarding the sentencing factors under 18 U.S.C. §3553(a) in regard to Aaron Gittleman (the defendant.) The government has reviewed the presentence investigation report (PSR) prepared by the United States Probation Office and has no objections to the PSR. Based on the nature of the offense, and the defendant's characteristics, the United States requests the court impose a sentence of one-hundred and twenty (120) months imprisonment. This is sufficient, but not greater than necessary, to comply with the goals set forth in 18 U.S.C. §3553(a).

## I. Procedural Background

On November 4, 2025, a Criminal Complaint was sworn out and an arrest warrant issued in the Eastern District of Virginia against the defendant. ECF 1. The arrest warrant was executed on the morning of November 6, 2025, thereafter the defendant appeared before the Court for his initial appearance. ECF 6. The Government moved for detention, at a hearing held on November 14, 2025, the defendant waived his detention hearing and was remanded to custody. ECF 16.

On November 19, 2025, a Grand Jury seated in the Eastern District of Virginia returned a two-count Indictment against the defendant, charging with Count One (1) the Attempted Coercion

and Enticement of a Minor, in violation of 18 U.S.C. § 2422(b), and Count (2) the Attempted Production of Child Pornography, in violation of 18 U.S.C. § 2251(a) and (e). ECF 18.

On December 3, 2025, the defendant appeared before the Court for his arraignment on the charges. ECF 22. The defendant pled not guilty to the charges, and through counsel requested a detention hearing. Id. On December 8, 2025, a detention hearing was held before the Honorable Judge Krask, wherein the Government's motion for detention was denied and the defendant was released on bond with special conditions including electronic monitoring. ECF 26.

On May 21, 2026, the Government filed a One-Count Criminal Information, charging the defendant with the Unlawful Removal and Retention of Classified Material, in violation of 18 U.S.C. §1924(a). ECF 36.

On June 1, 2026, the defendant appeared before the Honorable Judge Walker and pled guilty to Count One (1) of the Indictment (Attempted Coercion and Enticement of a Minor) and Count (1) of the Criminal Information (Unlawful Removal and Retention). ECF 38. The defendant waived indictment in respect to the Criminal Information filed by the Government and swore to the information found within the Statement of Facts and to the terms of the Plea Agreement as entered. ECF 40, 41, 42. Sentencing was scheduled September 10, 2026.

On August 5, 2026, the United States Probation Office filed the initial Pre-Sentence Investigation Report (PSR), calculating the defendant's total offense level as twenty-eight (28) and a Criminal History Category I. ECF 45 ¶ 103, 104. A final PSR was filed on August 24, 2026, with no outstanding objections and corrections resolved. ECF 46.

## II. Acceptance of Responsibility

Because of the defendant's timely plea, a motion to reduce the offense level an additional

one point under U.S.S.G. §3E1.1 is appropriate and has been applied here in accordance with the plea agreement. ECF 41. This reduction has already been reflected in the PSR's offense level Calculation. PSR ¶ 41.

## III. Sentencing Factors Under 18 U.S.C. §3553(a)

Under 18 U.S.C. §3553(a), when imposing a sentence, the Court must consider (1) the nature and circumstances of the offense, (2) the history and characteristics of the defendant, (3) the need for the sentence imposed to promote the goals of sentencing, (4) the kinds of sentences available, (5) the sentencing guideline range, (6) any pertinent policy statement issued by the Sentencing Commission, (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, and (8) the need to provide restitution to any victims of the offense.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, including: to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. *18 U.S.C. §3553(a)(2)*. To the extent a District Court imposes a sentence outside the range recommended by the Guidelines, the Court must "'consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.'" *Cavera*, 550 F.3d at 189 (quoting *Gall*, 128 S. Ct. at 596).

## A. Nature and Circumstances of the Offense

For over a fifteen (15) month period, the defendant developed a relationship and sexually groomed who he assumed was the fourteen (14) year old daughter ("minor") of a fellow military servicemember.[1] Through numerous online and telecommunication platforms he solicited sexual fantasies, desires, and pictures of the minor. Culminating in his attempt to meet the minor for a physical encounter, he offered to pay for her to take an Uber (Rideshare) to his location in Virginia Beach, Virginia.

Approaching the minor on a social media platform, he quickly established her age of minority (14) and confirmed that he wasn't "too old to chat with [her]". Developing rapport, he prodded lightly about her previous sexual activity, and within three days of communication began to openly discuss masturbation. The defendant was aware of the wrongfulness of his conduct; when sharing pictures with the minor, he initially refused to send pictures showing his face because he said it made him feel nervous. This continued throughout the course of their chats, including the defendant repeatedly contacting the minor asking to chat or for her to send pictures.

The defendant hid his criminal behavior by using multiple strategic methods of concealment. Initially, the defendant approached the minor on an anonymous messaging platform, presenting a fictitious name and claiming he was in the Army (while actually a Marine Corp Major.) He then offered to switch communications to other messaging platforms, such as Snapchat and Telegram, which are known for disappearing and secure messages. Ultimately, he primarily communicated with the minor using Kik Messenger and text message through a Google Voice phone number.

---

1 The persona profile that the defendant communicated with was an undercover agent of the Naval Criminal Investigative Service (NCIS).

In October 2025 he downloaded Kik messenger to his phone and then uninstalled six (6) times, leaving the application on his phone for an average of a single day, and searched for ways to perform a "hard reset" on his Iphone.

Between October 28, 2026, and October 30, 2026, the defendant attempted to meet the minor for a sexual encounter. After sexually charged texting and requests for pictures, the defendant referenced that their meeting in person was the reason he had been waiting so long. He further inquired where the minor lived and scheduled out his travel time. Searching for her address on Google Maps, he offered to pay for minor's uber if she would travel anywhere closer to his home residence.

The defendant was arrested the next week, subsequent to his arrest, the investigation revealed that he unlawfully held classified materials belonging to the Department of Defense in both his home and the vehicle he was driving at time of his arrest. As a United States Marine Corps Major, he was entrusted with a Department of Defense Top Secret clearance. The classified materials were found to be held not only outside of secure spaces, but on personal electronic devices in his home residence.

**B. Defendant's History and Characteristics**

The defendant had a privileged upbringing, being well provided for and receiving educational and social development opportunities. He graduated from a boarding school, and received a bachelors degree prior to his commissioning as a military officer. Married for over eleven (11) years to his wife Lilly, they have three (3) children together, including two daughter ages ten (10) and eight (8).

Physically the defendant is in good shape, outside of recovering from bicep tear that was

surgically repaired in January 2026. The defendant had not been diagnosed with mental health issues at any time prior to his arrest, or during his over fifteen years in the military. In January 2026, the defendant reported that, while on Bond pending trial, he sought mental health treatment from a private provider, and that he was diagnosed with post-traumatic stress disorder and possibly traumatic brain injury. He reports no substance or alcohol abuse issues.

The defendant served in the United States Marine Corps as an officer from February 2010 till present. His military career is illustrious and as a naval aviator he served with distinction across multiple deployments. Currently, the defendant is going through the due process procedures for "Administrative Removal" of a commissioned military officer, known as a "Board of Inquiry".

**C. The need to reflect seriousness of the offense, to promote respect for the law, and to provide just punishment**

The defendant's conduct is serious because of his elongated coercion of who he assumed was a minor, and his ultimate attempt to meet with the minor to engage in sexual activity. On multiple occasions throughout the over long chat, he would engage in sexual topics then innocently request pictures. To the defendant's knowledge, the user on the other end of that chat was the fourteen-year-old (14) daughter of a Navy servicemember. The offense here was the attempted victimization of another military servicemembers minor daughter, the offense is serious.

**D. The need to afford adequate deterrence and protect the public from further crimes**

While the defendant has no criminal history, which is presumed for a career military officer, a sentence of one-hundred and twenty (120) months is warranted and provides both general and specific deterrence.

**E. The need to provide needed correctional treatment in the most effective manner**

While incarcerated, the defendant will benefit from sex-offender treatment program and further military veteran orientated mental health assistance.

## V. Conclusion

Based on the above factors, such as the nature and seriousness of the defendant's conduct, and the need for adequate deterrence – both specific and general – the Government respectfully requests that the Court sentence the defendant to a term of incarceration of one-hundred and twenty (120) months.

Respectfully submitted,

Todd W. Blanche
Attorney General

Theophani K. Stamos
First Assistant United States Attorney

By: /s/

Jeremy W. Mckinnon
California Bar No. 336424
Special Assistant United States Attorney
United States Attorney's Office
101 W. Main Street, Suite 8000
Norfolk, Virginia 23510
Office: 757.441.3040
Fax: 757.441.6689
E-mail: jeremy.mckinnon@usdoj.gov